FILED
KENNETH J. MURPHY
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**CASE NO. C-1-02-056**

03 NOV -4 AM 11: 10

**ESTATE OF THOMAS WOESTE, et al.,**                               **PLAINTIFFS**

vs.                               **OBJECTION TO DEFENDANT'S**
                                  **BILL OF COSTS**

**THE AIG LIFE COMPANIES (U.S.) dba**                              **DEFENDANTS**
**AIG LIFE INSURANCE COMPANY,**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Come now the Plaintiffs, Estate of Thomas Woeste et al., and hereby objects to the bill of costs submitted by the Defendants. Specifically, the Plaintiffs object to the costs of copies of the pleadings filed by Defendant and discovery produced by the Defendant as being discoverable costs. Defendant asserts that the cost of copies of pleadings is justifiable under paragraph four (4) of 28 U.S.C.A. 1920(4), which states, fees for exemplification and copies of papers necessarily obtained for use in the case are allowable costs. The Defendant inappropriately relies on 28 U.S.C.A 1920(4) as justification for costs associated with copies of pleadings filed with the Court and discovery supplied to the Plaintiff. None of the documents listed in the Defendant's Bill of Costs were "obtained for use in the case." Generally, taxable costs do not include copies of pleadings required to be filed by the Court or cost of supplying discovery. Sphere Drake Ins. PLC v. Trisko, 66 F.Supp 2d 1088 (D. Minn 1999) affirmed, Sphere Drake Ins. PLC v. Trisko 226 F. 3rd 951 (2001) In fact, the Trisko Court specifically held that, expenses incurred in the copying of one's own pleadings and motions for filing with the court and serving on opposing counsel is not provided for in the language of 28 U.S.C.A. 1920. Nor is the cost of

copying of materials to be produced in discovery an allowable taxable cost. Id. The cost of pleadings and requested discovery are not allowable as taxable costs because they are not exemplifications or copies "necessarily obtained for use in the case." Id. The only authority providing for the cost of pleadings allows for recovery only, if the nature of the litigation is so complicated that the Court itself requests extra copies for its own use. Perlman v. Feldman, 116 F. Supp. 102 (D.C. Conn. 1953). The nature of this litigation was not so complex that extra copies were required nor has this Court requested multiple copies of the pleadings. Thus, the Defendant is clearly not entitled to recover for the costs which have been requested in its bill of costs.

The Defendant has submitted a bill of costs in the amount of six-hundred four dollars and twenty cents ($604.20), representing to total amount allegedly expended for copies of Pleadings and discovery, neither of which are allowable. As stated *supra*, taxable costs generally do not include copies of pleadings or information provided in discovery. The awarding of costs and determination of the necessity of those costs is purely within the discretion of the Court. NorthCross v. Board of Ed. of Memphis City Shcools, 611 F.2d 624 (6th Cir. 1979). As the Defendant has submitted a bill consisting exclusively of items which are specifically not allowable, the Plaintiff respectfully requests this Court to use its discretion and disallow all items submitted in Defendant's Bill of Cost and award the Defendant no monetary compensation.

WILLIAM E. SANTEN, Jr.
Attorney for Plaintiff
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, Ohio 45202-4059
(513) 721-4450

*[signature]*
ROBERT E. BLAU, Pro Hac Vice
ATTORNEY FOR PLAINTIFFS
Jolly, Blau, Kriege & Turner
3699 Alexandria Pike
Cold Spring, KY 41076
606/441-5400

## CERTIFICATION

This is to certify that on this ___4___ day of November, 2002, this Objection to Plaintiff's Bill of Costs has been mailed to Michael A. Manzler, Dinsmore & Shohl 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202.

*[signature]*
WILLIAM E. SANTEN, Jr.

*[signature]*
ROBERT E. BLAU, PRO HAC VICE