UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF THOMAS WOESTE, et al., | : Case No. C-1-02-056 |
| Plaintiffs, | : (Judge Beckwith) |
| v. | : |
| THE AIG LIFE COMPANIES (U.S.) dba AIG LIFE INSURANCE COMPANY, | : **DEFENDANT AIG LIFE INSURANCE COMPANY'S REPLY BRIEF IN** |
| Defendant. | : **SUPPORT OF ITS BILL OF COSTS** |

**I.   INTRODUCTION**

On November 1, 2002, both Defendant AIG Life Insurance Company ("AIG") and Plaintiffs The Estate of Thomas Woeste and Kimberly Woeste ("Plaintiffs") filed cross Motions for Judgment on the Administrative Record in this ERISA benefits matter. On September 19, 2003, the Court issued a decision granting AIG's motion, denying Plaintiffs' motion, entering judgment in favor of AIG, and dismissing the case.

Accordingly, because it was the prevailing party, AIG filed a Bill of Costs with the Court on October 23, 2003, seeking to recover under 28 U.S.C. § 1920(4) and Federal Rule of Civil Procedure 54(d) costs it incurred in copying documents necessarily obtained for use in the case. Specifically, the costs primarily involved copying the complete 1206-page Administrative Record for Plaintiffs and the Court, which AIG was required to do pursuant to the Court's Scheduling Order of July 22, 2002 (Doc. 14), as well as various pleadings which were necessarily filed to defend (and ultimately prevail) against Plaintiffs' claim for insurance benefits under an ERISA-governed plan. On or about November 4, 2003, Plaintiffs filed an Objection to AIG's Bill of Costs. Because Plaintiff's objections are not well founded, AIG now respectfully submits the following Reply demonstrating that its request for costs should be granted.

II.   ARGUMENT

    A.   **Federal Rule Of Civil Procedure 54(d) Creates A Presumption That The Prevailing Party, Which Includes Parties Prevailing On Summary Judgment, Shall Recover Costs "As Of Course".**

Federal Rule of Civil Procedure 54(d) states that "costs other than attorneys' fees **shall be allowed as of course** to the prevailing party unless the court otherwise directs" (emphasis added). Courts have universally recognized that this rule creates a strong presumption in favor of allowing costs. "The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959); *see also*, Movitz v. First Nat'l Bank of Chicago, 982 F.Supp. 571, 573 (N.D. Ill. 1997) (costs enumerated in 28 U.S.C. § 1920 "are presumptively awarded to the prevailing party" unless the losing party carries "the burden of affirmatively demonstrating that the prevailing party is not entitled to certain costs."), *citing* FASA Corp. v. Playmates Toys, Inc., 108 F.3d 140, 144 (7th Cir. 1997). Of course, a party that obtains summary judgment is a "prevailing party" under Rule 54(d). Voight v. Subaru-Isuzu Automotive, Inc., 141 F.R.D. 99, 101 (N.D. Ind. 1992). AIG is therefore a prevailing party entitled to recovery of certain categories of costs incurred in successfully defending against Plaintiffs' claims in this matter.

    B.   **Costs Incurred In Copying Discovery Documents And Pleadings Submitted To The Court And/Or Opposing Counsel Are Clearly A Category Of Expenses Recoverable Under 28 U.S.C. § 1920(4).**

28 U.S.C. § 1920 enumerates the categories of expenses that courts may tax as costs to the prevailing party. Section 1920(4) of the statute specifically provides for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case."

Plaintiffs do not dispute the applicability of this statutory provision, but contend that (1) taxable costs generally do not include making copies of pleadings or discovery documents and

2

(2) none of the documents listed in AIG's Bill of Costs were "necessarily obtained for use in the case." (Plaintiffs' Objection at 1-2)  Both of Plaintiffs' contentions are simply incorrect and do not reflect the prevailing legal rule.

Contrary to Plaintiffs' position, it is widely recognized that the costs of copying both discovery documents and pleadings filed with the Court and/or served on opposing counsel are included within the meaning of Section 1920(4) and therefore properly recoverable by the prevailing party.  In the directly-on-point case of Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477 (N.D. Ga. 1997), for example, the court explained that:

> Costs that are taxable under § 1920 **include charges attributable to discovery, if the charges were for copies of pleadings, correspondence, and other documents tendered to the opposing party.**  * * *  Charges for copies of exhibits and documents submitted to the court in support of motions, as well as copies of **pleadings, motions, and memoranda provided to the court are also recoverable**.

Id. at 479 (emphasis added); see also, Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 352 (N.D. Ga. 1992) (same).  Similarly, in Voight v. Subaru-Isuzu Automotive, *supra*, the court explicitly held that "[p]hotocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are 'reasonably necessary for use in the case' and can be awarded."  Id., 141 F.R.D. at 103 (further noting, moreover, that introduction of documents at trial is not prerequisite for award of copying costs; fact that court disposes of case at summary judgment stage no impediment to award of costs).

The Sixth Circuit and this Court likewise have allowed the recovery of costs for copying discovery documents.  See Neal v. Morris, 972 F.2d 669, 674 (6th Cir. 1992) (allowing recovery of almost $2,900 in copying expenses); Watkins & Son Pet Supplies v. Iams Co., 197 F.Supp.2d 1030, 1037 (S.D. Ohio 2002) (Rice, C.J.) (copying costs of discovery documents recoverable as

3

long as such documents were reasonably necessary for use in case).  Countless other courts have reached the same conclusion.  *See, e.g.*, Movitz v. First Nat'l Bank of Chicago, *supra*, 982 F.Supp. at 577 (awarding nearly $56,000 in copying costs because "Section 1920(4) allows the prevailing party to recover costs incurred in copying discovery documents, pleadings and exhibits submitted to the court, as well as exhibits used at trial."), *citing* FASA Corp. v. Playmates Toys, Inc., 108 F.3d 140, 144 (7th Cir. 1997); EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) ("Copies attributable to discovery are a category of copies recoverable under § 1920(4)."); State of Illinois v. Sangamo Construction Co., 657 F.2d 855, 867 (7th Cir. 1981) (affirming award of copying costs "for the expense of copying pleadings, correspondence, [and] discovery documents tendered to [the opposing parties.]"); Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) (affirming award to defendant of $880.20 for office copies and $1,770.50 for outside copies following successful motion for summary judgment; "While appellants argue that this rule [28 U.S.C. § 1920(4)] should be limited to copy costs for documents actually filed, we decline to accept so narrow an interpretation of the statute.  Instead, we find that if the costs were reasonably necessary to the maintenance of the action, then they are allowable."); Freier v. Freier, 985 F.Supp. 710, 713 (E.D. Mich. 1997) (photocopying costs recoverable under § 1920(4) "to the extent that the copies are used as court exhibits or were furnished to the court or the opposing counsel."); Endress + Hauser, Inc. v. Hawk Measurement Systems, 922 F.Supp. 158, 159-60 (S.D. Ind. 1996) (awarding costs for copies of documents served on court and opposing party, at $.20 per page, for all pleadings and other documents served and filed in case, as well as all documents produced in discovery); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1475-76 (10th Cir. 1997) (affirming award of costs for copying discovery documents from third-party).

In the case at bar, AIG has submitted to the Court a short and detailed list of the documents for which it seeks recovery of copying costs. Plaintiffs' objection to AIG's Bill of Costs on the basis that the types of documents listed -- "discovery documents" and "pleadings" filed with the Court and served upon opposing counsel-- are not covered by Section 1920(4) is clearly contrary to the established legal rule and should be overruled.[1]

      **C.    The Copied Discovery Documents And Pleadings Set Forth In The Bill Of Costs Were Necessarily Obtained For Use In The Case.**

Plaintiffs' blanket assertion that none of the documents at issue were "necessarily obtained for use in the case" is likewise both factually and legally misguided. First, since the Court expressly ordered AIG to provide Plaintiffs with a copy of the entire Administrative Record (*see* Doc. 14), there can be no question that the copies were "necessarily obtained for use in the case." AIG filed the Administrative Record with the Court in support of its Motion for Judgment on the Administrative Record, and both AIG and Plaintiffs extensively cited to and heavily relied upon it in their dispositive motions (and oppositions to each others' motions), as did the Court in issuing its decision. The pleadings for which AIG seeks recovery of its costs likewise were either required by the Court or necessary for defending against Plaintiffs' allegations and obtaining dismissal of the suit.[2]

While the copied documents here have been detailed in the Bill of Costs and were self-evidently necessary, courts in any event routinely accept the prevailing party's attorney's sworn

---

[1] The single case Plaintiffs cited in support of their objection, Sphere Drake Ins. PLC v. Trisko, 66 F.Supp.2d 1088 (D. Minn. 1999), *aff'd*, 226 F.3d 951 (8th Cir. 2001), is an unusual case reflecting an extremely small minority view. Significantly, in affirming the decision (on other grounds), the Eighth Circuit did not even mention the issue of costs at all, let alone adopt the position advocated by Plaintiffs.

[2] AIG's Motion to Dismiss and Reply Brief in support thereof were "necessary" because Plaintiffs' inartfully drafted Complaint, while expressly acknowledging that the employee welfare benefits plan under which Plaintiffs sought to recover was governed by ERISA, nevertheless purported to assert state law claims which were, beyond question, fully preempted by ERISA as a matter of law. Moreover, AIG incorporated the Motion to Dismiss into its Motion for Judgment on the Administrative Record.

5

verification of the copies as necessary to the case as sufficient to support an award of costs even in the absence of such detail. *See, e.g.*, Olga's Kitchen of Hayward, Inc. v. Papo, 108 F.R.D. 695, 712 (E.D. Mich. 1985), *aff'd in relevant part*, 815 F.2d 79 (6th Cir. 1987) (table) ("Even where there is no detailed description of how each document copied was used, several courts have accepted the movant's attorney's certification of the copies as necessary to the case as sufficient to permit taxation."); Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 484 (5th Cir. 2002) (affirming award of copying costs based on itemization of costs and attorney's verification of same); Movitz, *supra*, 982 F.Supp. at 577 (relying on attorney's verification that copying costs included only documents necessary for case to award nearly $56,000 in copying costs).[3]

Finally, even if the Administrative Record and the parties' pleadings had not been relied upon so heavily in resolving this matter, numerous courts have recognized that just because certain documents ultimately are not made part of the record or otherwise utilized at trial or in a dispositive motion does not render their copying costs unrecoverable. *See, e.g.*, EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (actual use to which copied documents ultimately are put is not determinative factor in seeking to recover costs; "Rather, like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."); Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998) (granting costs for copying of discovery documents, specifically plaintiff's EEOC file, and rejecting plaintiff's objection that because

---

[3] AIG recognizes that some of the cases cited above further provide that copies of discovery documents and pleadings which are made solely for the convenience of the prevailing party's own counsel may not be recoverable under Section 1920(4). *See, e.g.*, Grady v. Bunzl Packaging, *supra*, 161 F.R.D. at 479; Corsair Asset Mgmt., *supra*, 142 F.R.D. at 352. AIG therefore would not object to the Court reducing the amounts set forth in the Bill of Costs to the cost of three (rather than five) copies for items 1, 2, 4, and 5, and two (rather than three) copies for item 3 (the Administrative Record) to reflect only those copies that were provided to the Court and Plaintiffs' two attorneys.

6

contents of file were used sparingly, it was not necessarily obtained for use in case: "Use of information in a file is not a prerequisite to finding that it was necessary to copy the file."); Haagen-Dazs v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (affirming award of over $27,000 in costs incurred in reproducing documents obtained in discovery and used for any purpose in case; rejecting argument that copying costs should be limited to only those documents actually used in case and made part of record).  AIG is therefore entitled under Section 1920(4) to recover its copying costs.

**III.    CONCLUSION**

For each and all of the foregoing reasons, Defendant AIG Life Insurance Company, the prevailing party in this litigation, respectfully moves the Court to grant its Bill of Costs.

Respectfully submitted,

 /s/ Michael A. Manzler
Michael A. Manzler (0059968)
Michael W. Hawkins (0012707)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8693
(513) 977-8141 (fax)
michael.manzler@dinslaw.com

Attorneys for Defendant
  AIG Life Insurance Company

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Defendant AIG Life Insurance Company's Reply Brief in Support of its Bill of Costs was filed electronically with the Court using the CM/ECF system this 13th day of November, 2003.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  This filing also will be sent by U.S. Mail to the following non-CM/ECF participants: Robert E. Blau and William E. Santen, Jr., Attorneys for Plaintiffs.

                                                                                         /s/ Michael A. Manzler
                                                                                         Michael A. Manzler (0059968)

#960391